**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Georgi V. Grigorov (M - 44854), | ) | |
| Plaintiff, | ) | Case No: 14 C 5513 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Cook County Correctional Center, | ) | |
| Defendant. | ) | |

**ORDER**

To proceed with this case, Plaintiff must demonstrate that he has opted out of the class certified in *Smentek v. Sheriff of Cook County*, No. 09 C 529 (Lefkow, J.) (Order of 8/17/11 at 11), and submit an amended complaint in accordance with this order. The Clerk is directed to send Plaintiff an amended civil rights complaint form. Plaintiff shall have 30 days to comply with this order. His failure to do so will result in summary dismissal of this case. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* and his motion for attorney representation after Plaintiff complies with this order.

**STATEMENT**

Plaintiff Georgi V. Grigorov, currently confined at Jacksonville Correctional Center, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 concerning the lack of dental care he received at the Cook County Jail. According to the complaint, Plaintiff entered the jail on September 30, 2013. He told officials at that time that he needed a root canal and that he had an appointment with an outside dentist. Plaintiff alleges that he received no dental appointment for four months, even after he filed several grievances. When he did see a dentist, he was informed that the dentist could not do a root canal and could only extract teeth, which Plaintiff refused. Plaintiff then saw another dentist who had an outside practice, but that dentist informed Plaintiff that he required too much work which the jail would not allow. Plaintiff names as Defendant the Cook County Correctional Center, but the body of his complaint indicates that he may be seeking to sue the two unknown dentists.

Plaintiff's complaint cannot proceed as currently drafted. First, Plaintiff's claim is one for which there is a class action suit currently pending. *See Smentek v. Sheriff of Cook County*, No. 09 C 529 (Lefkow, J.) (Order of 8/17/11 at 11) (class certified for "all inmates housed at Cook County Department of Corrections on or after January I, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment"). Plaintiff's claim clearly falls within the class. He may simply submit notification of his claim to either of the class attorneys Kenneth Flaxman at 200 S. Michigan, Suite 201, Chicago, IL 60604, or Thomas Morrissey at 10249 S. Western, Chicago, IL, 60643. Before Plaintiff can proceed with a suit separate from the class, he must opt out of the class and submit notification in this case that he opted out. *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982) (a plaintiff who is a member of a class action suit cannot proceed with his claim in a suit separate from the class unless and until he opts out of the class); *see also* Fed. R. Civ. P. 23(c)(3)(B). Plaintiff may forward

his request to opt out, if he chooses to proceed on his own, to one of the class attorneys listed above. Plaintiff is given 30 days to opt out of the class and notify this Court. If the Court receives no notification that Plaintiff has opted out of the *Smentek* class, such lack of notification will be construed as Plaintiff's desire to continue as a member of the class and not separately in his own suit.

Second, Plaintiff must name at least one Defendant who can be served with a complaint. The Cook County Correctional Center, which is another way to refer to the Cook County Jail, is not an suable entity with its own legal existence and cannot be named as Defendant. *Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff may refer to unknown parties as John Does, which he has essentially done for the two dentists, but he must also name at least one suable party as Defendant. Plaintiff may name a supervisory official, such as Sheriff Tom Dart, who may be able to identify the dentists and against whom Plaintiff may assert a claim of an unconstitutional custom or policy with how dental care is provided to incoming inmates at the jail.

If Plaintiff seeks to proceed with his own case separate from the class, in addition to opting out, he must submit an amended complaint that names at least one suable party that can be served with the complaint. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in summary dismissal of this case. The clerk shall forward an amended complaint form to Plaintiff.

Plaintiff is advised that an amended complaint replaces prior complaints and must stand complete on its own. The Court will look only to the amended complaint, and not any prior complaints, to determine the claims and parties of this case.

The Court will address Plaintiff's *in forma pauperis* application and assess an initial partial payment of the filing fee if Plaintiff complies with this order and chooses to proceed with his own suit separate from the class. The Court will also address Plaintiff's motion for counsel representation at that time. If Plaintiff chooses to continue as a member of the *Smentek* class, no filing fee is owed and the Court will simply dismiss this suit without prejudice to him proceeding with the class action.

Date: 9/3/14

*Thomas M Durkin*
United States District Judge